# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | | |
|---|---|---|
| **JARRIT SMITH and** | * | Case No. _____ |
| **JACOB SMITH,** | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | |
| | * | **COMPLAINT AND** |
| **JEENS, INC. d/b/a McDONALD'S,** | * | **JURY DEMAND** |
| **LEONARD MANAGEMENT, INC.,** | * | |
| **MCDONALD'S CORP.,** | * | |
| **and CHANCE YOUNG,** | * | |
| **Individually and in his** | * | |
| **Corporate Capacities,** | * | |
| | * | |
| Defendants. | * | |

**COME NOW** the Plaintiffs, Jarrit Smith and Jacob Smith, by and through their undersigned counsel, and for their cause of action against the Defendants JEENS, Inc., d/b/a McDonald's, Leonard Management, Inc., McDonald's Corp., and Chance Young, Individually and in his Corporate Capacities, state as follows:

## VENUE & JURISDICTION

1. This is an action authorized and instituted pursuant to the Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1), and the Iowa Civil Rights Act, Iowa Code Chapter 216.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices alleged below were committed within the Southern District of Iowa, Western Division. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Jarrit Smith is and was at all times relevant hereto a citizen and resident of Atlantic, Cass County, Iowa.

5. Plaintiff Jacob Smith is and was at all times relevant hereto a citizen and resident of Atlantic, Cass County, Iowa.

6. Upon information and belief, Defendant JEENS, Inc., d/b/a McDonald's, is an Iowa corporation with its principal place of business in Missouri Valley, Harrison County, Iowa.

7. Upon information and belief, Defendant JEENS, Inc. owns and operates the McDonald's restaurant in Atlantic, Iowa.

8. Upon information and belief, Defendant Leonard Management, Inc., is an Iowa corporation with its principal place of business in Omaha, Nebraska.

9. Upon information and belief, Defendant Leonard Management, Inc. owns, operates and/or provides management services for McDonald's restaurants throughout Iowa and other states, including the McDonald's restaurant in Atlantic, Iowa.

10. Upon information and belief, Defendant McDonald's Corp. is a Delaware corporation, with its principal place of business in Chicago, Illinois, that is authorized to do business in Iowa, and is a franchisor to franchisee Defendant JEENS, Inc. and/or Leonard Management, Inc.

11. At all times material hereto, Defendant McDonald's Corp. exercised control over McDonald's restaurants throughout the United States, including the

McDonald's restaurant in Atlantic, Iowa, in regard to policies and procedures for preventing workplace discrimination and harassment.

12. At all times material hereto, Defendant McDonald's Corp. exercised control over McDonald's restaurants throughout the United States, including the McDonald's restaurant in Atlantic, Iowa, in regard to training employees and managers on discrimination and harassment policies.

13. At all times material hereto, Defendant McDonald's Corp. exercised control over its franchisees, including JEENS, Inc. and/or Leonard Management, Inc., in regard to policies and procedures for making and responding to complaints of discrimination and harassment brought by employees working at McDonald's restaurants.

14. Beginning in October 2019, Defendant McDonald's Corp. initiated a training program to educate workers at McDonald's restaurants about harassment and bullying and tell them how to report it.

15. Defendant McDonald's Corp. has admitted that, together with its franchisees, McDonald's Corp. bears the responsibility of taking action to prevent sexual harassment at McDonald's restaurants.

16. Upon information and belief, Defendant Chance Young is a resident of Atlantic, Cass County, Iowa and at times material hereto was a supervisory or managerial employee of Defendants JEENS, Inc., Leonard Management, Inc. and/or McDonald's Corp. who personally participated in the unlawful actions set forth herein.

## CONDITIONS PRECEDENT

17. Within 300 days of the date of the last act of discrimination, Plaintiff Jarrit Smith filed a charge of discrimination against Defendants with the Iowa Civil Rights Commission, which was cross-filed with the Equal Employment Opportunity

Commission ("EEOC").  A copy of said charge is attached hereto as Exhibit A and its contents are incorporated as if fully set forth herein.

18.	On December 9, 2020 the Iowa Civil Rights Commission issued an Administrative Release (letter of right-to-sue) to Plaintiff Jarrit Smith, a copy of which is attached hereto as Exhibit B.

19.	On January 28, 2021 the EEOC issued an Administrative Release (letter of right-to-sue) to Plaintiff Jarrit Smith, a copy of which is attached hereto as Exhibit C.

20.	Within 300 days of the date of the last act of discrimination, Plaintiff Jacob Smith filed a charge of discrimination against Defendants with the Iowa Civil Rights Commission, which was cross-filed with the EEOC.  A copy of said charge is attached hereto as Exhibit D and its contents are incorporated as if fully set forth herein.

21.	On December 9, 2020 the Iowa Civil Rights Commission issued an Administrative Release (letter of right-to-sue) to Plaintiff Jacob Smith, a copy of which is attached hereto as Exhibit E.

22.	On January 28, 2021 the EEOC issued an Administrative Release (letter of right-to-sue) to Plaintiff Jacob Smith, a copy of which is attached hereto as Exhibit F.

23.	Plaintiff Jarrit Smith has complied with all conditions precedent to the filing of this cause of action.

24.	Plaintiff Jacob Smith has complied with all conditions precedent to the filing of this cause of action.

## COUNT I:
## HARASSMENT AND RETALIATION
## IN VIOLATION OF THE IOWA CIVIL RIGHTS ACT
### Iowa Code Chapter 216
### (Jarrit Smith v. All Defendants)

25. Plaintiffs replead all paragraphs above as if fully set forth herein.

26. Defendants are all "persons" as defined by the Iowa Civil Rights Act.

27. On about June 29, 2017 Jarrit was hired to work at McDonald's in Atlantic, Iowa.

28. When Jarrit started working at McDonald's he was fourteen years old.

29. At the time Jarrit started working at McDonald's, Defendant Chance Young ("Young") was a supervisory or management employee and had supervisory authority over Jarrit.

30. Young was a male who was approximately 30 years old when Jarrit began working at McDonald's.

31. From the start of Jarrit's employment with McDonald's, Young repeatedly sexually harassed him on nearly a daily basis.

32. Young would tell Jarrit that he loved him and would ask Jarrit if he loved Young in return.

33. Young repeatedly asked Jarrit if he wanted to see his penis.

34. Young repeatedly told Jarrit that he fantasized about taking Jarrit away with him to Cuba because "man-boy relationships are legal there."

35. Young repeatedly invited Jarrit over to his house to "play" in a tone that implied sexual play.

36. Young repeatedly made remarks to Jarrit about his body and said things like, "Wow, nice ass" and "You look sexy today."

5

37. Young slapped Jarrit on the bottom.

38. Other supervisors or members of management witnessed Young sexually harass Jarrit but took no effective steps to stop it.

39. Defendants knew, or should have known, that Young was harassing Jarrit and failed to take prompt and appropriate remedial action to stop it.

40. In October 2019 Jarrit told his mother, Traci Smith, that Young was harassing him and treating him unprofessionally.

41. On approximately October 14, 2019 Ms. Smith called Defendant Leonard Management to report Young's harassing and unprofessional conduct.

42. Ms. Smith left a message on Leonard Management's phone system requesting a call back but no one returned her call.

43. In June 2020 Jarrit shared with his mother some of the details as to Young's sexual harassment toward him while at work.

44. In June 2020, upon hearing of the sexual nature of the harassment, Ms. Smith called Leonard Management, Inc.'s offices to report the harassment.

45. Traci Smith left a message on Leonard Management's phone system but no one returned her call.

46. Traci Smith then called Defendant McDonald's Corp. offices in Chicago, Illinois the first week of July 2020 and finally reached someone who listened to her complaint.

47. A few days later, a Leonard Management, Inc. Human Resources employee contacted Traci Smith and took information regarding Jarrit's complaint.

48. On about July 14, 2020 Defendants JEENS, Inc., Leonard Management, Inc. and or McDonald's Corp. conducted an on-site investigation into the harassment complaints at the Atlantic McDonald's restaurant.

49. Defendants' on-site investigation confirmed that Young had harassed Jarrit.

50. On about July 16, 2020 Defendants terminated Young's employment.

51. Shortly after Young was fired, Jarrit's scheduled work hours were cut.

52. After Young was fired, other supervisors or managers made remarks that Jarrit would "turn them in" or get them fired.

53. Jarrit's scheduled work hours were returned to their original level only after his mother complained to Defendant Leonard Management that his hours had been cut in retaliation for complaining of harassment.

54. Defendants' actions detrimentally affected the terms, conditions, or privileges of Jarrit's employment.

55. Defendants subjected Jarrit to a discriminatory, harassing, and hostile work environment because of sex in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

56. Defendants subjected Jarrit to a discriminatory, harassing, and hostile work environment because of age in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

57. Defendants retaliated against Jarrit for complaining of discriminatory, harassing, and unlawful conduct in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

58. Because of Defendants' illegal conduct, Jarrit has been damaged.

**WHEREFORE** Plaintiff Jarrit Smith respectfully prays that this Court enter judgment against Defendants JEENS, Inc., d/b/a McDonald's, Leonard Management, Inc., McDonald's Corp., and Chance Young, Individually and in his Corporate Capacities, and award damages, including damages for compensatory relief, emotional distress, mental anguish, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

<u>**COUNT II:**</u>
**SEXUAL HARASSMENT AND RETALIATION
IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. § 2000e** *et seq.*
**(Jarrit Smith v. JEENS Inc., Leonard Management, Inc. and McDonald's Corp.)**

59. Plaintiffs incorporate by reference all preceding paragraphs as if set forth fully herein.

60. Defendants JEENS, Inc. and Leonard Management, Inc. are "employers" within the meaning of 42 U.S.C. § 2000e *et seq.*

61. Defendants subjected Jarrit to a discriminatory and harassing work environment because of sex in violation of 42 U.S.C. § 2000e *et seq.*

62. Defendants retaliated against Jarrit in violation of 42 U.S.C. § 2000e *et seq.* because he complained of workplace discrimination and harassment.

63. As a proximate cause of Defendants' unlawful conduct, Jarrit has been damaged.

64. Defendants acted with malice and/or reckless indifference for Jarrit's rights and he is therefore entitled to punitive damages.

**WHEREFORE** the Plaintiff, Jarrit Smith, respectfully prays that this Court enter judgment against Defendants JEENS, Inc., d/b/a McDonald's, Leonard Management, Inc., and McDonald's Corp. and award him damages, including damages for emotional

distress, mental anguish, compensatory relief, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT III:  BATTERY
### (Jarrit Smith v. Chance Young)

65. Plaintiffs incorporate by reference all preceding paragraphs as if set forth fully herein.

66. During Jarrit's employment at McDonald's, Young brushed up against his body when there was room to pass without touching.

67. During Jarrit's employment at McDonald's, Young slapped Jarrit's buttocks.

68. Young's conduct caused unwelcome and offensive physical contact with Jarrit.

69. Young intended that the unwelcome and offensive physical contact with Jarrit occur.

70. As a proximate cause of Young's unlawful conduct, Jarrit has suffered damages.

71. Young acted with malice and/or reckless disregard for Jarrit's rights, and therefore Jarrit is entitled to punitive damages.

**WHEREFORE** Plaintiff Jarrit Smith respectfully prays that this Court enter judgment against Defendant Chance Young and award him damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, and court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT IV:
## NEGLIGENT RETENTION
**(Jarrit Smith v. JEENS Inc., Leonard Management, Inc. and McDonald's Corp.)**

72. Plaintiffs replead all paragraphs above as if fully set forth herein.

73. Young openly sexually harassed Jarrit in front of other employees, including other supervisors.

74. Defendants knew, or in the exercise of ordinary care should have known, of Young's unfitness and dangerous characteristics toward young male employees at the time he battered Jarrit by brushing up against his body and by slapping his buttocks.

75. By retaining Young despite his unfitness and dangerous characteristics toward young male employees, Defendants proximately caused injuries to Jarrit.

**WHEREFORE** Plaintiff Jarrit Smith respectfully prays that this Court enter judgment against Defendants JEENS, Inc., d/b/a McDonald's, Leonard Management, Inc., and McDonald's Corp. and award him damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, and court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT V:
## HARASSMENT AND RETALIATION
## IN VIOLATION OF THE IOWA CIVIL RIGHTS ACT
### Iowa Code Chapter 216
**(Jacob Smith v. All Defendants)**

76. Plaintiffs replead all paragraphs above as if fully set forth herein.

77. Defendants are "persons" as defined by the Iowa Civil Rights Act.

78. Plaintiff Jacob Smith ("Jacob") began working at McDonald's in Atlantic, Iowa in December 2016.

79. When Jacob started working at McDonald's he was fourteen years old.

80. At the time Jacob started working at McDonald's, Young was a supervisory or management employee and had supervisory authority over Jacob.

81. Young was a male who was about 30 years old when Jacob began working at McDonald's.

82. From the start of Jacob's employment McDonald's, Young repeatedly and continuously sexually harassed him on nearly a daily basis.

83. Young repeatedly asked to see Jacob's penis and asked Jacob if he wanted to see his (Young's) penis.

84. Young told Jacob about his fantasies of taking Jacob's brother, Jarrit, away with him to Cuba where they could have sexual relations.

85. Young repeatedly invited Jacob to come to his house and "play" with Young and another man that Young knew.

86. Young told Jacob that he had had sexual relations with Jacob's mother and that he was Jacob's real father.

87. Young told Jacob's brother, Josh, "How about after work I'll fuck you in the ass and you fuck me in the ass and we'll call it good?"

88. Young told Jacob he was going to rape him and squeezed Jacob's buttocks.

89. Other supervisors or management witnessed Young sexually harassing Jacob but took no effective steps to stop it.

90. Defendant knew or should have known that Young was harassing Jacob and failed to take prompt and appropriate remedial action to stop it.

91. In October 2019 Jacob told his mother, Traci Smith, that Young was harassing him and treating him unprofessionally.

92. On approximately October 14, 2019 Ms. Smith called Defendant Leonard Management to report Young's harassing and unprofessional conduct.

93. Ms. Smith left a message on Leonard Management's phone system requesting a call back but no one returned her call.

94. In June 2020 Jacob, along with his brother Jarrit, shared with his mother some of the details as to Young's sexual harassment toward him while at work.

95. In June 2020, upon hearing of the sexual nature of the harassment, Ms. Smith called Leonard Management, Inc.'s offices to report the sexual harassment.

96. Traci Smith left a message on Leonard Management's phone system but no one returned her call.

97. Traci Smith then called Defendant McDonald's Corp. offices in Chicago, Illinois the first week of July 2020 and finally reached someone who listened to her complaint.

98. A few days later, a Leonard Management, Inc. Human Resources employee contacted Traci Smith and took information regarding Jarrit's complaint.

99. On about July 14, 2020 Defendants JEENS, Inc., Leonard Management, Inc. and or McDonald's Corp. conducted an on-site investigation into the harassment complaints at the Atlantic McDonald's restaurant.

100. Defendants' on-site investigation confirmed that Young had harassed Jacob.

101. Shortly after Young was fired, Jacob's scheduled work hours were cut.

102. After Young was fired, other supervisors or managers made remarks that Jacob would "turn them in" or get them fired.

103.    Jacob's scheduled work hours were returned to their original level only after his mother complained to Defendant Leonard Management that his hours had been cut in retaliation for complaining of harassment.

104.    Defendants' actions detrimentally affected the terms, conditions, or privileges of Jacob's employment.

105.    Defendants subjected Jacob to a discriminatory, harassing and hostile work environment because of sex in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

106.    Defendants subjected Jacob to a discriminatory, harassing and hostile work environment because of age in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

107.    Defendants retaliated against Jacob for complaining of discriminatory, harassing and unlawful conduct in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

108.    Because of Defendants' illegal conduct, Jacob has been damaged.

**WHEREFORE** Plaintiff Jacob Smith respectfully prays that this Court enter judgment against Defendants JEENS, Inc., d/b/a McDonald's, Leonard Management, Inc., McDonald's Corp., and Chance Young, Individually and in his Corporate Capacities, and award damages, including damages for compensatory relief, emotional distress, mental anguish, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT VI:
## SEXUAL HARASSMENT AND RETALIATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e *et seq*.
### (Jacob Smith v. JEENS Inc., Leonard Management, Inc. and McDonald's Corp.)

109. Plaintiffs incorporate by reference all preceding paragraphs as if set forth fully herein.

110. Defendants are "employers" within the meaning of 42 U.S.C. § 2000e *et seq*.

111. Defendants subjected Jacob to a discriminatory and harassing work environment because of sex in violation of 42 U.S.C. § 2000e *et seq.*

112. Defendants retaliated against Jacob in violation of 42 U.S.C. § 2000e *et seq.* because he complained of workplace discrimination and harassment.

113. As a proximate cause of Defendants' unlawful conduct, Jacob has been damaged.

114. Defendants acted with malice and/or reckless indifference for Jacob's rights and he is therefore entitled to punitive damages.

**WHEREFORE** Plaintiff Jacob Smith, respectfully prays that this Court enter judgment against Defendants JEENS, Inc., d/b/a McDonald's, Leonard Management, Inc., and McDonald's Corp. and award him damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT VII:  BATTERY
### (Jacob Smith v. Chance Young)

115. Plaintiffs incorporate by reference all preceding paragraphs as if set forth fully herein.

116. During Jacob's employment at McDonald's, Young told Jacob he was going to rape him and squeezed Jacob's buttocks.

117. Young's conduct caused unwelcome and offensive physical contact with Jacob.

118. Young intended that the unwelcome and offensive physical contact with Jacob occur.

119. As a proximate cause of Young's unlawful conduct, Jacob has suffered damages.

120. Young acted with malice and/or reckless disregard for Jacob's rights, and therefore Jacob is entitled to punitive damages.

**WHEREFORE** Plaintiff Jacob Smith respectfully prays that this Court enter judgment against Defendant Chance Young and award him damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, and court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT VIII:
## NEGLIGENT RETENTION
### (Jacob Smith v. JEENS Inc., Leonard Management, Inc. and McDonald's Corp.)

121. Plaintiffs replead all paragraphs above as if fully set forth herein.

122. Young openly sexually harassed Jacob in front of other employees, including other supervisors.

15

123. Defendants knew, or in the exercise of ordinary care should have known, of Young's unfitness and dangerous characteristics toward young male employees at the time he battered Jacob by squeezing his buttocks.

124. By retaining Young despite his unfitness and dangerous characteristics toward young male employees, Defendants proximately caused injuries to Jacob.

**WHEREFORE** Plaintiff Jacob Smith respectfully prays that this Court enter judgment against Defendants JEENS, Inc., d/b/a McDonald's, Leonard Management, Inc., and McDonald's Corp. and award him damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, and court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby requests trial by jury in this matter.

Respectfully Submitted,

By   /s/ Melissa C. Hasso
Melissa C. Hasso     AT0009833
By   /s/ Mark D. Sherinian
Mark D. Sherinian     AT0007173
By   /s/ Emily E. Wilson
Emily E. Wilson     AT0013860
SHERINIAN & HASSO LAW FIRM
111 E. Grand Ave., Suite 212
Des Moines, IA  50309
Telephone: (515) 224-2079
Facsimile:  (515) 224-2321
E-mail: mhasso@sherinianlaw.com
       sherinianlaw@msn.com
       ewilson@sherinianlaw.com
COUNSEL FOR PLAINTIFFS